Leader v Steinway, Inc. (2020 NY Slip Op 01153)





Leader v Steinway, Inc.


2020 NY Slip Op 01153


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-07246
 (Index No. 6433/16)

[*1]Mervin T. Leader, etc., appellant,
v
Steinway, Inc., et al., defendants, Domenico Pinto, et al., respondents.


G. Wesley Simpson, P.C., Brooklyn, NY, for appellant.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, NY (Michael J. Marone and Brian L. Battisti of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered April 25, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendants Domenico Pinto and Maria Pinto which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the second and third causes of action insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Domenico Pinto and Maria Pinto which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the second and third causes of action insofar as asserted against them are denied.
The plaintiff, the administrator of the decedent's estate, commenced this action, inter alia, to recover damages for pre-impact terror and conscious pain and suffering. The plaintiff alleged that the driver of the vehicle in which the decedent was riding attempted to make a U-turn at the dead end of 19th Avenue, near 37th Street, in Queens. However, as the result of a missing section of guardrail, the vehicle slid forward and plunged into Steinway Creek/Luyster Creek and the decedent and the other occupants of the vehicle died. According to the plaintiff, the defendants Domenico Pinto and Maria Pinto (hereinafter together the defendants) made special use of the area where the accident occurred, and this special use caused or contributed to the collapse of the guardrail.
As is relevant to the appeal, the defendants moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the second and third causes of action, which sought to recover damages for pre-impact terror and conscious pain and suffering, respectively, insofar as asserted against them. In support of the motion, the defendants submitted, inter alia, the affidavit of the defendant Domenico Pinto, a New York City Digital Tax Map for the subject area, and an easement agreement filed and recorded with the Office of the City Register. By order entered April 25, 2017, the Supreme Court granted those branches of the defendants' motion, and the plaintiff appeals.
Contrary to the defendants' contention, there was no basis to dismiss, pursuant to CPLR 3211(a)(1), the causes of action to recover damages for pre-impact terror and conscious pain and suffering insofar as asserted against them. A motion to dismiss a cause of action pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's allegations, thereby conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 314; Leon v Martinez, 84 NY2d 83, 83). In order for evidence submitted in support of a CPLR 3211(a)(1) motion to qualify as "documentary evidence," it must be "unambiguous, authentic, and undeniable" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d 78, 84-85 [internal quotation marks omitted]; see First Choice Plumbing Corp. v Miller Law Off., PLLC, 164 AD3d 756, 758). Here, the affidavit of the defendant Domenico Pinto does not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see Granada Condominium III Assn. v Palomino, 78 AD3d at 997; Fontanetta v John Doe 1, 73 AD3d at 85), and the defendants' other evidentiary submissions were insufficient to utterly refute the plaintiff's factual allegations (see Hartnagel v FTW Contr., 147 AD3d 819, 821; Suchmacher v Manana Grocery, 73 AD3d 1017, 1017-1018).
We also disagree with the Supreme Court's determination directing dismissal of the two causes of action pursuant to CPLR 3211(a)(7) for failure to state a cause of action. "[T]he sole criterion [on such a motion] is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275). The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87-88). Here, the affidavit and the other documents submitted failed to establish as a matter of law that the plaintiff has no cause of action (see Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 683; see also Guggenheimer v Ginzburg, 43 NY2d at 275).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the second and third causes of action insofar as asserted against them.
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court