Delric Constr. Co., Inc. v New York City Sch. Constr. Auth. (2022 NY Slip Op 02391)

Delric Constr. Co., Inc. v New York City Sch. Constr. Auth.

2022 NY Slip Op 02391

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-10554
 (Index No. 514857/18)

[*1]Delric Construction Co., Inc., appellant, 
v
New York City School Construction Authority, etc., respondent.

Welby, Brady & Greenblatt, LLP, White Plains, NY (Thomas S. Tripodianos, Michael I. Silverstein, and Geoffrey S. Pope of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr, Anna W. Gottlieb, and Geoffrey Stannard of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated August 2, 2019. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
In July 2014, the plaintiff and the defendant entered into a contract in which the plaintiff agreed to provide labor and materials on an exterior masonry project at a school in Brooklyn. After the plaintiff began work on the project, it submitted a document entitled "Request For Information" to the defendant in which it stated that it was "being asked to go above and beyond" the scope of work provided for in the contract. Specifically, the plaintiff stated that the masonry inspector on the project was "requiring a complete plaster coat prior to [the] installation of brick," while the contract "merely [spoke] to filling the collar joint"—the vertical longitudinal space between walls of masonry, or between a masonry wall and a backup system—"with mortar." The defendant responded that "parging" was required by the contract, and thus rejected the plaintiff's position that it had been asked to perform additional work for which it was entitled to additional compensation.
The plaintiff performed the disputed work and then commenced this action against the defendant to recover damages for breach of contract. The defendant filed a pre-answer motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
"A motion to dismiss a cause of action pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's allegations, thereby conclusively establishing a defense as a matter of law" (Leader v Steinway, Inc., 180 AD3d 886, 887). To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable (see Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 855-856). "[D]ocuments reflecting out-of-court transactions such as mortgages, deeds, contracts, and [*2]any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Leader v Steinway, Inc., 180 AD3d at 887-888 [internal quotation marks omitted]).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Palero Food Corp. v Zucker, 186 AD3d 493, 495 [internal quotation marks omitted]). "Moreover, [w]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Minovici v Belkin BV, 109 AD3d 520, 521 [internal quotation marks omitted]).
A contractor may properly recover payment for additional work that is not contemplated by the terms of the original agreement, and which is performed at the direction of the defendant (see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d 714, 715). On the other hand, a contractor may not recover for any alleged extra work that was, in fact, covered by the terms of the original contract (see Borough Constr. Co. v City of New York, 200 NY 149, 153; Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d at 715; Metro Group Constr. Corp. v Town of Hempstead, 24 AD3d 632, 633-634).
Here, the Supreme Court erred in granting the defendant's motion to dismiss the complaint. The contract excerpts and design drawing submitted by the defendant in support of its motion did not utterly refute the plaintiff's allegations that the application of a complete plaster coat prior to the installation of brick was outside the scope of the contract (see Leader v Steinway, Inc., 180 AD3d at 887-888). One contract provision cited by the defendant required that, "[i]n solid masonry construction, ensure that entire collar joint is filled between the backup and the face masonry," and a design drawing submitted by the defendant included language to the same effect. But the plaintiff did not dispute that the collar joint needed to be filled with mortar; rather, it asserted that the application of a layer of plaster was an additional procedure not contemplated by the contract.
The defendant also contended that a contract provision requiring that the "[e]xisting mortar bed for replaced brick shall be thoroughly removed and the back parged with a coat of new mortar to fill the collar joint," further demonstrated that the disputed work was encompassed by the contract. That provision, however, was contained in a section of the contract labeled "Replacement by Brick Stitching," and brick stitching was not defined in any of the excerpts from the contract submitted by the defendant. Nor was the term "parged," which, in any event, seems in this subsection to describe a method for filling the collar joint, which, again, the plaintiff did not assert was outside the scope of the contract. Moreover, this reference to parging does not explicitly require a complete plaster coat.
Thus, the materials submitted by the defendant did not warrant dismissal under CPLR 3211(a)(1) (cf. Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d at 716-717). And, given the various ambiguities in the contractual provisions submitted by the defendant, it likewise did not establish that the plaintiff had no cause of action so as to justify dismissal pursuant to CPLR 3211(a)(7) (see Palero Food Corp. v Zucker, 186 AD3d at 495). Accordingly, the Supreme Court erred in granting the defendant's motion to dismiss the complaint.
The parties' remaining arguments either are without merit, are not properly before this Court, or need not be addressed in light of our determination.
MILLER, J.P., MALTESE, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court