Chen v Romona Keveza Collection LLC (2022 NY Slip Op 04702)

Chen v Romona Keveza Collection LLC

2022 NY Slip Op 04702

Decided on July 26, 2022

Appellate Division, First Department

Moulton, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 26, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
David Friedman Peter H. Moulton Manuel Mendez Bahaati E. Pitt

Index No. 153413/20 Appeal No. 15697-15698-15699-15700 Case No. 2021-02489, 2021-02504, 2021-02505, 2021-02506, 2021-02507 

[*1]Joseph Chen, Plaintiff, Joseph Chen Inc., et al., Plaintiffs-Respondents-Appellants,
v
Romona Keveza Collection LLC, et al., Defendants-Appellants-Respondents.

Defendant Ramona Keveza Collection LLC (RKC) appeals from the order of the Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about March 11, 2021, which, to the extent appealed from as limited by the briefs, denied its motion to dismiss Joseph Chen Inc.'s claim against it. Plaintiff Dina Kozlovska cross-appeals from that portion of the March 11, 2021 order which granted granted defendants' motion to dismiss Kozlovska's claim against them. RKC also appeals from an order, same court and Justice, entered on or about June 30, 2021, to the extent that it denied RKC's motion to vacate the part of the order entered on or about June 17, 2021 granting Joseph Chen Inc. a default judgment. RKC also appeals from orders entered on or about May 28, 2021, June 10, 2021, June 17, 2021, and June 30, 2021, to the extent that these orders denied RKC's motion for summary judgment on its first and fourth affirmative defenses, denied RKC's motion to renew its summary judgment motion, and motion and cross motion for leave to serve late responsive pleadings and/or to compel the Chen Inc.'s acceptance thereof.

Sutton Sachs Meyer PLLC, New York (Zachary G. Meyer of counsel), for appellants-respondents.
Virginia & Ambinder, LLP, New York (James E. Murphy and Rachel R. Feingold of counsel), for respondents-appellants.

Moulton, J. 

Defendant Ramona Keveza Collection LLC (RKC) appeals from the order of the Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about March 11, 2021, which, to the extent appealed from as limited by the briefs, denied its motion to dismiss Joseph Chen Inc.'s claim against it. Plaintiff Dina Kozlovska cross-appeals from that portion of the March 11, 2021 order which granted granted defendants' motion to dismiss Kozlovska's claim against them. RKC also appeals from an order, same court and Justice, entered on or about June 30, 2021, to the extent that it denied RKC's motion to vacate the part of the order entered on or about June 17, 2021 granting Joseph Chen Inc. a default judgment. RKC also appeals from orders entered on or about May 28, 2021, June 10, 2021, June 17, 2021, and June 30, 2021, to the extent that these orders denied RKC's motion for summary judgment on its first and fourth affirmative defenses, denied RKC's motion to renew its summary judgment motion, and motion and cross motion for leave to serve late responsive pleadings and/or to compel the Chen Inc.'s acceptance thereof.
Sutton Sachs Meyer PLLC, New York (Zachary G. Meyer of counsel), for appellants-respondents.
Virginia & Ambinder, LLP, New York (James E. Murphy and Rachel R. Feingold of counsel), for respondents-appellants.
Moulton, J. This appeal raises issues of first impression regarding the Freelance Isn't Free Act (FIFA) (Administrative Code of City of NY § 20-927 et seq). Photography business Joseph Chen, Inc. (Chen Inc.) and model Dina Kozlovska commenced the underlying action alleging that defendants violated FIFA after failing to pay for work they performed. Chen Inc. is a single-entity corporation comprised of former plaintiff Joseph Chen for the purpose of operating his photography business.[FN1] Kozlovska is represented by nonparty VNY Model Management, Inc. (VNY), although the scope of that representation is unclear from the record before us. Defendant Romona Keveza is the chief executive officer, founder, and managing member of defendants Romona Keveza Collection LLC (RKC), Romona Keveza One Rock LLC, and Romona Keveza 1 Rock LLC (collectively defendants).
RKC and Chen Inc. entered into a Photography Services Agreement in which RKC agreed to pay $6,000 to Chen Inc. for an October 1, 2019 photoshoot. After RKC failed to pay in full, Mr. Chen, on behalf of Chen Inc., filed a complaint against RKC with the New York City Department of Consumer and Worker Protection's Office of Labor & Policy Standards (OLPS) on October 12, 2019. OLPS is the administrative body with jurisdiction over FIFA complaints. As discussed below, that jurisdiction is not exclusive, and a FIFA complainant may proceed directly in court.
OLPS provides complainants with a complaint form. "Additional Question 5" on the OLPS complaint form asks: "Were you hired to do the work individually or as part of a group of two or more people?" Mr. Chen checked the box demarcated "Group of [*2]2 or more."
The complaint in this action alleges that Kozlovska provided modeling services for defendants from 2017 to 2019. In November 2019, Kozlovska filed a complaint against RKC with OLPS alleging that RKC failed to pay her for modeling services. Kozlovska stated that she worked for defendants for approximately two years and that the "[h]iring agreement was made through third party, my modeling agency." Like Mr. Chen, in response to Additional Question 5 on the OLPS complaint form, Kozlovska checked the box indicating that she was hired to perform work as a group of two or more individuals.
After RKC failed to respond to Chen Inc.'s and Kozlovska's complaints, OLPS sent notices to both plaintiffs and to defendants entitled "Notice of Hiring Party's Failure to Respond to Complaint," which stated, inter alia, "When a hiring party fails to respond to a Notice of Complaint within 20 days it creates a rebuttable presumption in any civil action commenced pursuant to [FIFA] that the hiring party committed the violations alleged in the complaint." On May 26, 2020, plaintiffs jointly commenced the instant action against defendants alleging violation of FIFA.[FN2]
THE FREELANCE ISN'T FREE ACT
/i>
Enacted November 16, 2016 and effective May 15, 2017, FIFA is the first act of its kind in this country to provide legal protections for freelance workers against nonpayment for work performed (OLPS Navigation Program Guide for Freelance Workers, at 3, available at https://www1.nyc.gov/assets/dca/downloads/pdf/workers/Court-Navigation-Freelance.pdf [last updated Mar. 15, 2021]). FIFA defines a "freelance worker" as "any natural person or any organization composed of no more than one natural person, whether or not incorporated or employing a trade name, that is hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation" (FIFA 20-927). A central issue in this case is whether plaintiffs fit within this definition.[FN3]
FIFA defines a "hiring party" as "any person who retains a freelance worker to provide any service" with exceptions that are not applicable to defendants (FIFA 20-927). FIFA provides that "whenever a hiring party retains the services of a freelance worker and the contract between them has a value of $800 or more," the contract "shall be reduced to writing" and contain certain information specified therein (§ 20-928[a], [b]). The hiring party must pay the freelance worker by the date specified in the contract or "no later than 30 days after the completion of the freelance worker's services" if no date is specified (§ 20-929[a]). If a hiring party violates FIFA, then the freelance worker may file a complaint either with OLPS or in court (§§ 20-931, 20-933). A freelance worker is not required to file an administrative complaint before bringing an action in court.[FN4]
If a complainant chooses to file a complaint with OLPS, the Commissioner must notify the hiring party of the complaint within 20 days. The [*3]notice must include a copy of the complaint and inform the hiring party that their "failure to respond to the complaint creates a rebuttable presumption in any civil action commenced pursuant to this chapter that the hiring party committed the violations alleged in the complaint" (§ 20-931 [d]). The hiring party then has 20 days to submit a reply (§ 20-931 [e] [1]).
If the hiring party fails to respond within 20 days, then the Commissioner may close the case (§ 20-931 [e] [3]). Under such circumstances as in Chen Inc.'s and Kozlovska's cases, if the defendant does not answer the OLPS complaint, then "the [C]ommissioner shall mail a notice of non-response to both the freelance worker and the hiring party," along with proof that the Commissioner previously mailed the hiring party a notice of complaint warning that failure to timely answer will result in a rebuttable presumption that the hiring party violated FIFA (§§ 20-931 [d], [e] [3]).
A complainant may also file a civil action in "any court of competent jurisdiction" (§ 20-933 [a] [1]). A freelance worker who prevails on a claim alleging unlawful payment practices (as described in § 20-929) "is entitled to an award for double damages, injunctive relief and other such remedies as may be appropriate" under FIFA, as well as attorneys' fees and costs (§ 20-933 [b] [1], [3]).
DISCUSSION
On its appeal, RKC submits that Supreme Court should have dismissed Chen Inc.'s FIFA claim. Kozlovska cross-appeals from Supreme Court's dismissal of her claim against all defendants.
When "a defendant moves for dismissal of a cause of action under CPLR 3211 (a) (1), their documentary evidence must 'utterly refute[] the plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., 37 NY3d 169, 175, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see also Balay v Manhattan 140 LLC, 204 AD3d 491, 492-493 [1st Dept 2022] ["The court should not have granted the Owner's cross motion to dismiss based on documentary evidence because the evidence submitted . . . did not conclusively establish a defense"]).
When considering a motion to dismiss pursuant to CPLR 3211 [a] [7], "we must give the pleadings a liberal construction, accept the allegations as true and accord the plaintiff[ ] every possible favorable inference" (Sassi v Mobile Life Support Servs., Inc., 37 NY3d 236, 239 [2021]). "The question is whether the complaint adequately alleged facts giving rise to a cause of action" (id.).
We decline to consider RKC's arguments because RKC did not move for dismissal of Chen Inc.'s FIFA claims before Supreme Court. We reinstate Kozlovska's claim as defendants failed to negate as a matter of law her contention that she is a freelance worker under FIFA.
RKC argues that Supreme Court should have dismissed Chen Inc.'s FIFA claim pursuant to CPLR 3211 (a) (1) and (7) because documentary evidence [*4]established that Chen Inc. was not a freelance worker and therefore had no cause of action. In support, RKC points to the Photography Services Agreement stating that Chen Inc. would provide four people for the photoshoot, invoices for the overtime hours that Mr. Chen and his assistants worked, and Mr. Chen's OLPS complaint in which he stated that he was hired to work as part of a group of two or more people. These documents, RKC says, irrefutably showed that Chen Inc. fell outside of FIFA's definition of a freelance worker.
In opposition, plaintiffs argue that Supreme Court properly denied RKC's motion as Chen Inc. was comprised solely of Mr. Chen and therefore fell within FIFA's definition of a freelance worker. Plaintiffs argue that the group of three additional workers for whom RKC and Chen Inc. contracted were other freelancers—not Chen Inc.'s employees—and that the documentary evidence offered by RKC did not conclusively prove otherwise.
However, neither party mentions that RKC's motion to dismiss did not seek dismissal of Chen Inc.'s claim. As RKC did not seek such relief below, it cannot do so before us. Both Chen Inc. and Mr. Chen were named plaintiffs on the complaint, and RKC could have but did not move to dismiss Chen Inc.'s claim. Instead, RKC moved to dismiss only the claim brought by Mr. Chen individually and conceded that Chen Inc. was a distinct legal entity. In response, Mr. Chen voluntarily withdrew his claim. RKC now improperly and unconvincingly transposes its arguments against Mr. Chen individually to Chen Inc.
Kozlovska argues that Supreme Court should not have dismissed her claim because she sufficiently pleaded a cause of action under FIFA, and defendants failed to furnish documentary evidence definitively disposing of her claim.
RKC contends that they proved that Kozlovska was not a freelance worker through an invoice from VNY, VNY's entity listing with the New York Department of State, and Kozlovska's affidavit from a prior action. RKC maintains that Kozlovska was neither a freelance worker under FIFA nor in contractual privity with RKC because RKC and nonparty VNY had "a continuing agreement" under which VNY provided models "on an 'as needed' basis." RKC also argues that Kozlovska had conceded in an affidavit that VNY entered into an agreement with RKC and issued an invoice to RKC, and that Kozlovska was not a party to either document. RKC further submits that Kozlovska was an employee of VNY rather than a freelance worker per the model booking agreement.
These documents are not dispositive. The unpaid invoice and VNY's entity information do not conclusively establish that Kozlovska was an employee of VNY. While Kozlovska's affidavit from a prior action states that she was represented by an agency and that her agency communicated with defendants regarding outstanding payment, it also states that Kozlovska was considered a freelance worker and that she had a direct relationship with Keveza. The affidavit is therefore [*5]equivocal and is not determinative of whether Kozlovska was a freelance worker.
While RKC references an agreement between itself and VNY, RKC did not furnish this agreement. RKC notes that Kozlovska indicated on her OLPS complaint form that she was hired as part of a group of two or more and that the "[h]iring agreement was made through third party, my modeling agency." While it is unclear what OLPS's internal procedure is once it receives a complaint, OLPS continued to process the complaint and issued a rebuttable presumption in Kozlovska's favor despite these statements. Discovery could shed light on OLPS's process. The fact that OLPS issued a rebuttable presumption in Kozlovska's favor suggests that these statements were not fatal to her FIFA claim.
FIFA's text is silent as to how to factor an agent into the calculus of whether someone is a freelance worker.[FN5] The Act does not mandate direct contracting between a freelance worker and the hiring party (see FIFA 20-927). While FIFA does not explicitly address its applicability to workers represented by agents, the plight of such workers was certainly before the City Council when it passed FIFA in the form of testimony from FIFA proponents in various industries sharing that freelance workers utilize agents. FIFA identifies specific categories of individual workers who are not freelancers under the Act. Notably, persons who are represented by an agent are not included in that finite list (see § 20-927).
Given the inconclusive record before us, we cannot determine whether Kozlovska fell outside of FIFA's definition of a freelance worker at this early pleading stage. Therefore, Kozlovska's claim is reinstated, and the parties should engage in discovery to ascertain whether Kozlovska has a viable cause of action under FIFA. Discovery from OLPS may also illuminate this question, as deference may be warranted to an administrative agency's interpretation and "specific application of a broad statutory term" that it is charged with implementing (Matter of O'Brien v Spitzer, 7 NY3d 239, 242 [2006]; see Matter of Peyton v New York City Bd. of Stds. & Appeals, 36 NY3d 271, 280 [2020] [deference to an agency is appropriate when interpretation is consistent with legislative intent, "involves knowledge and understanding of underlying operational practices," and is "neither irrational, unreasonable nor inconsistent with the governing statute"]).
For similar reasons, RKC's motion to dismiss Kozlovska's claim pursuant to CPLR 3211 (a) (3) and (7) should be denied. The record before us does not clearly support RKC's contention that Kozlovska lacks standing or lacks a cause of action under FIFA. Dismissal is therefore improper.
Concerning the proper defendants for Kozlovska's claim, the "hiring party" here is unclear. The complaint alleged that Kozlovska furnished services to all defendants, and the documentary evidence submitted by defendants did not conclusively refute this allegation. Supreme Court therefore [*6]erred in dismissing Kozlovska's claims against all defendants. However, to the extent that Kozlovska relies on a veil-piercing theory to pierce RKC's corporate veil (as opposed to FIFA's definition of "hiring party"), the complaint failed to allege the necessary elements (see Shisgal v Brown, 21 AD3d 845, 848 [1st Dept 2005]).
RKC argues that Supreme Court abused its discretion in denying its motion to vacate the default judgment pursuant to CPLR 5015 (a) (1). RKC claims that its failure to file responsive pleadings was due to its counsel's inadvertence. RKC submitted an affidavit from Keveza in which she stated that "as we are headquartered in Toronto . . . and due to the COVID-19 pandemic closing many Toronto notarial locations, I had a great deal of difficulty finding a United States notary" to notarize documents for the case. RKC further argues that it has a meritorious defense: Chen Inc. and Kozlovska were not freelance workers as defined in FIFA and therefore had no causes of action. Plaintiffs counter that RKC failed to establish entitlement to vacatur of the default judgment.
It is well settled that "[t]his State has a strong public policy for deciding cases on the merits" (US Bank N.A. v. Richards, 155 AD3d 522, 523 [1st Dept 2017]). While RKC's counsel could have taken additional steps to notify Supreme Court of its purported difficulties in filing responsive pleadings, RKC ultimately filed pleadings. Further, the delay was not lengthy and Keveza's affidavit set forth a reasonable excuse for the delay. Moreover, as discussed above, it is unclear whether Kozlovska was a freelance worker under FIFA. It is therefore possible that RKC has a meritorious defense. Accordingly, Supreme Court erred in denying RKC's motion to vacate the default judgment.
The parts of the orders dated May 28, June 10, June 17, and June 30 sanctioning defense counsel are not appealable as of right, as they did not result from motions made on notice (see Sholes v Meagher, 100 NY2d 333, 335 [2003]). Contrary to RKC's claim that it sought vacatur of the sanctions orders, the record indicates that it sought only vacatur of the part of the June 17 order granting Chen Inc.'s motion for a default judgment. Furthermore, even if we were to grant permission to appeal (see CPLR 5701 [c]) — although RKC does not request such relief — RKC lacks standing to appeal awards of sanctions against its counsel(see Moore v Federated Dept. Stores, Inc., 94 AD3d 638, 639 [1st Dept 2012], appeal dismissed 19 NY3d 1065 [2012]).
In light of the foregoing, defendants' remaining arguments are academic.
Accordingly, the order of the Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about March 11, 2021, which, to the extent appealed from as limited by the briefs, denied RKC's motion to dismiss Chen Inc.'s claim against it and granted defendants' motion to dismiss Kozlovska's claim against them, should be modified, on the law, to reinstate Kozlovska's claim against all defendants[*7], and otherwise affirmed, without costs. The order, same court and Justice, entered on or about June 30, 2021, to the extent that it denied RKC's motion to vacate the part of the order entered on or about June 17, 2021 granting Chen Inc. a default judgment, should be reversed, on the law, without costs, and the motion granted. The appeals from the orders entered on or about May 28, 2021, June 10, 2021, June 17, 2021, and June 30, 2021, to the extent that they denied RKC's motion for summary judgment on its first and fourth affirmative defenses, motion to renew the summary judgment motion, and motion and cross motion for leave to serve late responsive pleadings and/or to compel Chen Inc.'s acceptance thereof, should be dismissed, without costs, as academic, and insofar as those orders imposed sanctions on defense counsel, dismissed, without costs, as taken from nonappealable orders.
Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about March 11, 2021, which, to the extent appealed from as limited by the briefs, denied RKC's motion to dismiss Chen Inc.'s claim against it and granted defendants' motion to dismiss Kozlovska's claim against them, modified, on the law, to reinstate Kozlovska's claim against all defendants, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about June 30, 2021, to the extent that it denied RKC's motion to vacate the part of the order entered on or about June 17, 2021 granting Chen Inc. a default judgment, reversed, on the law, without costs, and the motion granted. The appeals from the orders entered on or about May 28, 2021, June 10, 2021, June 17, 2021, and June 30, 2021, to the extent that they denied RKC's motion for summary judgment on its first and fourth affirmative defenses, motion to renew the summary judgment motion, and motion and cross motion for leave to serve late responsive pleadings and/or to compel Chen Inc.'s acceptance thereof, dismissed without costs, as academic, and insofar as those orders imposed sanctions on defense counsel, dismissed, without costs, as taken from nonappealable orders.
Opinion by Moulton, J. All concur.
Renwick, J.P., Friedman, Moulton, Mendez, Pitt, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 26, 2022

Footnotes

Footnote 1: Mr. Chen voluntarily withdrew from the action in his individual capacity. While plaintiffs' notice of appeal states that he is appealing from the dismissal of his claim, he has abandoned his appeal.

Footnote 2: Plaintiffs commenced a prior action against defendants by way of motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Supreme Court dismissed that action without prejudice on the grounds that the "action is simply not based upon an instrument for the payment of money only or a judgment" and "equitable relief in the form of piercing the corporate veil [was] inappropriate by way of a CPLR 3213 motion" (Chen v Romona Keveza Collection LLC, Sup Ct, NY County, index No. 162408/2019).

Footnote 3: FIFA categorically excludes from its definition of a freelance worker "1. [a]ny person who . . . is a sales representative as defined in section 191-a of the labor law; 2. [a]ny person engaged in the practice of law . . . and 3. [a]ny person who is a licensed medical professional" (§ 20-927). None of these exceptions apply to Chen Inc. or Kozlovska. 

Footnote 4: The Commissioner of Consumer and Worker Protection (and derivatively OLPS) lacks jurisdiction over a complaint if either party to a contract first files in court, unless the claim has been dismissed without prejudice (§ 20-931 [c] [1] [a], [b]).

Footnote 5: OLPS's implementing rules are also silent on this issue (see 6 RCNY 7-501 et seq).