Ortiz v 1818 Bath Ave., LLC (2023 NY Slip Op 04976)

Ortiz v 1818 Bath Ave., LLC

2023 NY Slip Op 04976

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2021-06772
 (Index No. 507388/19)

[*1]Altagracia Ortiz, appellant, 
v
1818 Bath Avenue, LLC, respondent, et al., defendant.

Douglas A. Emanuel, Brooklyn, NY, for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated August 11, 2021. The order granted the motion of the defendant 1818 Bath Avenue, LLC, in effect, to enforce a conditional order of preclusion of the same court (Lawrence Knipel, J.) dated September 29, 2020, and, thereupon, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order dated August 11, 2021, is reversed, on the facts and in the exercise of discretion, with costs, and the motion of the defendant 1818 Bath Avenue, LLC, in effect, to enforce a conditional order of preclusion of the same court dated September 29, 2020, and, thereupon, for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff commenced this action to recover damages for personal injuries she alleges she sustained as a result of a trip and fall on the defendants' premises. The defendant 1818 Bath, LLC (hereinafter the defendant), joined issue and served discovery demands upon the plaintiff.
Upon a motion by the defendant pursuant to CPLR 3126, the Supreme Court issued an order dated September 29, 2020 (hereinafter the conditional preclusion order), which directed the plaintiff to provide certain outstanding discovery by a date certain, and further directed that the plaintiff would be precluded from testifying or offering evidence at trial if she failed to timely comply with the terms of the conditional preclusion order. Thereafter, the defendant moved, in effect, to enforce the conditional preclusion order and, thereupon, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed the motion. In an order dated August 11, 2021, the Supreme Court granted the motion. The plaintiff appeals.
"'A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order'" (Gutierrez v Good Bar, LLC, 203 AD3d 803, 804, quoting Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780). "'Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute'" (Martin v Dormitory Auth. of the State of N.Y., 208 AD3d 576, 577, quoting Goldberg v Breth, 189 AD3d 1368, 1370; see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830). "To be relieved of the adverse impact of a conditional order, a defaulting [*2]plaintiff must demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious action" (Martin v Dormitory Auth. of the State of N.Y., 208 AD3d at 577 [internal quotation marks omitted]; see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80). A preclusion order may serve as the basis for summary judgment dismissing the complaint, if the defendant can demonstrate that the preclusion order will prevent the plaintiff from establishing a prima facie case at trial (see Mahgoub v 880 Realty, LLC, 150 AD3d 1216, 1220; Meslin v George, 119 AD3d 915, 916; cf. Lee v Barnett, 134 AD3d 908, 910).
Here, in opposition to the defendant's motion, the plaintiff provided a reasonable excuse for her failure to comply with the conditional preclusion order (see Matter of Cleary v Nassau Health Care Corp., 215 AD3d 958, 960; Chen v Romona Keveza Collection LLC, 208 AD3d 152, 160). Furthermore, the verified pleadings and other documents submitted with the plaintiff's opposition to the motion satisfied the plaintiff's obligation to demonstrate a potentially meritorious action (see CPLR 105[u]; Rothman v Westfield Group, 101 AD3d 703, 705; see also Felder v New York City Tr. Auth., 238 AD2d 543, 544).
Accordingly, the Supreme Court should have denied the defendant's motion, in effect, to enforce the conditional preclusion order and, thereupon, for summary judgment dismissing the complaint insofar as asserted against it (see generally Fortino v Wheels, Inc., 204 AD3d 756, 758; C.C. v Vargas, 201 AD3d 699).
In light of the foregoing, the plaintiff's remaining contention need not be reached.
DUFFY, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court