MJ Lilly Assoc., LLC v Ovis Creative, LLC (2023 NY Slip Op 05725)

MJ Lilly Assoc., LLC v Ovis Creative, LLC

2023 NY Slip Op 05725

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-09468
 (Index No. 514651/19)

[*1]MJ Lilly Associates, LLC, respondent,
v
Ovis Creative, LLC, appellant.

Milman Labuda Law Group, PLLC, Lake Success, NY (Joseph M. Labuda of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, alleging violations of the Freelance Isn't Free Act, the defendant appeals from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated November 24, 2021. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the second and third causes of action.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action, inter alia, to recover damages it allegedly sustained as a result of the defendant's violations of the Freelance Isn't Free Act (see Administrative Code of City of NY § 20-927 et seq; hereinafter FIFA) with respect to freelance work the plaintiff allegedly performed for the defendant. Specifically, the second cause of action alleges that the defendant violated FIFA by failing to offer the plaintiff written contracts for certain work performed as required by Administrative Code § 20-928. The third cause of action alleges that the defendant violated FIFA by failing to timely remit payment due to the plaintiff on a majority of those projects as required by Administrative Code § 20-929. Prior to discovery, the defendant moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the second and third causes of action (hereinafter the FIFA causes of action) on the ground, among other things, that the plaintiff is not a freelance worker, and therefore, has no cause of action under FIFA. In an order dated November 24, 2021, the Supreme Court, inter alia, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the FIFA causes of action. The defendant appeals.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715; see Delric Constr. Co., Inc. v New York City Sch. Constr. Auth., 204 AD3d 750, 751). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe I, 73 AD3d 78, 86). "'Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable,' qualify as documentary evidence in proper cases" (Hartnagel v FTW Contr., 147 AD3d 819, 820, quoting Anderson v Armentano, 139 AD3d 769, 771; see Fontanetta v John Doe I, 73 AD3d at 86). [*2]"'Conversely, letters, emails, and . . . affidavits, do not meet the requirements for documentary evidence'" (Xu v Van Zwienen, 212 AD3d 872, 874, quoting Phillips v Taco Bell Corp., 152 AD3d 806, 804).
The Supreme Court properly denied the defendant's motion insofar as it sought dismissal of the FIFA causes of action pursuant to CPLR 3211(a)(1). FIFA provides legal protections for freelance workers in New York City against nonpayment for work performed (see Chen v Romona Keveza Collection LLC, 208 AD3d 152, 155). FIFA defines a "freelance worker" as "any natural person or any organization composed of no more than one natural person, whether or not incorporated or employing a trade name, that is hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation" (Administrative Code § 20-927).
Here, the evidence submitted by the defendant to show that the plaintiff is not a freelance worker consisted of email communications between the parties and printouts from the plaintiff's website. However, these items do not constitute documentary evidence within the meaning of CPLR 3211(a)(1) in this case, as the contents thereof can be controverted by other evidence (see Xu v Van Zwienen, 212 AD3d at 874; Hartnagel v FTW Contr., 147 AD3d at 821).
The Supreme Court also properly denied the defendant's motion insofar as it sought dismissal of the FIFA causes of action pursuant to CPLR 3211(a)(7). "'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Delric Constr. Co., Inc. v New York City Sch. Constr. Auth., 204 AD3d at 751, quoting Palero Food Corp. v Zucker, 186 AD3d 493, 495; see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 715). "Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, 'the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact as all and unless it can be said that no significant dispute exists regarding it . . . [,] dismissal should not eventuate'" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 715-716, quoting Guggenheimer v Ginzberg, 43 NY2d 268, 275).
Here, accepting the allegations in the amended complaint as true and according the plaintiff the benefit of every favorable inference, the amended complaint sufficiently alleges that the plaintiff is a freelance worker within the meaning of FIFA, and thus, sufficiently states causes of action alleging violations of FIFA (see Administrative Code § 20-927; Delric Constr. Co., Inc. v New York City Sch. Constr. Auth., 204 AD3d at 751). Moreover, the evidentiary proof submitted by the defendant did not establish that the plaintiff's claim that it was a freelance worker is not a fact at all and that no significant dispute exists regarding it (see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 715; see also Chen v Romona Keveza Collection LLC, 208 AD3d at 155).
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the FIFA causes of action.
DUFFY, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court