Joseph Chen, Inc. v Romona Keveza Collection LLC (2025 NY Slip Op 02405)

Joseph Chen, Inc. v Romona Keveza Collection LLC

2025 NY Slip Op 02405

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Index No. 153413/20|Appeal No. 4191|Case No. 2024-03863|

[*1]Joseph Chen, Inc., et al., Plaintiffs-Respondents-Appellants,
v
Romona Keveza Collection LLC, et al., Defendants-Appellants-Respondents.

Sutton Sachs Meyer PLLC, New York (Zachary G. Meyer of counsel), for appellants-respondents.
Virginia & Ambinder, LLP, New York (Jenny S. Brejt of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Emily Morales-Minerva, J.), entered May 15, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on the issue of liability against defendants and denied the cross-motion of defendant Romona Keveza Collection LLC (RKC) for summary judgment dismissing the complaint, unanimously modified, on the law, to grant plaintiffs' motion for summary judgment on the issue of liability as against RKC, and otherwise affirmed, without costs.
In this action pursuant to Administrative Code of City of NY § 20-930 et seq., also known as the Freelance Isn't Free Act (FIFA), plaintiff Joseph Chen Inc. (Chen Inc.), a company owned by Joseph Chen, a photographer, and plaintiff Dina Kozlovska, a fashion model, seek to recover amounts owed to them for services rendered to defendant RKC. Prior to commencing this action, plaintiffs each utilized FIFA's administrative complaint procedure against RKC (see Administrative Code § 20-931). RKC failed to formally respond to the notice of the complaint, resulting in a rebuttable presumption in this action that RKC, as the hiring party, violated Administrative Code § 20-928 as alleged (see Van Den Berg v Clinton Hall Holdings, LLC, 2019 NY Slip OP 32036 [U], **4 [Sup Ct, New York County 2019]).
FIFA broadly defines a "freelance worker" as "any natural person or any organization composed of no more than one natural person, whether or not incorporated or employing a trade name, that is hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation" (Administrative Code § 20-927; see Chen v Romona Keveza Collection LLC, 208 AD3d 152, 158-160 [1st Dept 2022]).
There is no support for RKC's contention that the FIFA complaint form somehow constitutes an administrative interpretation of the statute. Even though both plaintiffs checked a box on the administrative complaint form stating that they did not work individually, but "as part of a group of two or more people," they are not precluded from recovery under FIFA. The affidavit submitted by defendants from the Deputy Commissioner of the Office of Labor Policy & Standards of the New York City Department of Consumer and Worker Protection refutes defendants' interpretation of the import of the form as foreclosing the FIFA claims. The Deputy Commissioner stated that a "checked box on the complaint form is not dispositive of whether a freelancer has a valid claim, or whether FIFA applies to the freelancer's claim. Legal questions concerning how FIFA applies in a particular case are reserved for a court of competent jurisdiction to decide."
Chen Inc. demonstrated that it is a freelance worker under the statutory definition because it is a single-person entity conducting Joseph Chen's business as a photographer. Defendants did not submit any admissible evidence to raise an issue of fact as to whether Chen Inc. is a freelance worker. RKC contends [*2]that Chen Inc. was not entitled to the protection of the statute because, pursuant to its contract with RKC, it provided not only a photographer (Chen), but two photography assistants and a tech assistant. Nothing in the statutory definition of "freelance worker" negates such status where a person or single-person organization uses assistants temporarily hired as independent contractors to fulfill a freelance project. Accordingly, Chen Inc. was entitled to summary judgment as against RKC.
As for Kozlovska, she demonstrated that she was retained by RKC to work as a fashion model and signed a Model Release agreement which incorporated by reference a Model Booking Agreement. Kozlovska's prior use of the services of a modeling agency, VNY, does not alter her status as a freelancer under FIFA where, as here, defendants were unable to produce a signed agreement between Kozlovska and VNY in which Kozlovska agreed not to do freelance work. Even if such contract does exist, we have observed that FIFA does "not mandate direct contracting between a freelance worker and the hiring party" (Chen, 208 AD3d at 159) and the statute provides that "any provision of a contract purporting to waive rights under [FIFA] is void as against public policy" (Administrative Code § 20-935[a]). However, because there is no evidence establishing the existence of a contract between Kozlovska and VNY, we have no occasion to consider what effect, if any, such a contract would have on Kozlovska's ability to bring a claim as a freelance worker under FIFA to recover payment claimed to be due. In light of the Model Release agreement and in the absence of any evidence rebutting the presumption of liability, Kozlovska is also entitled to summary judgment on her FIFA claim as against RKC.
We have considered RKC's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025