Alston v New York City Tr. Auth. (2025 NY Slip Op 05786)

Alston v New York City Tr. Auth.

2025 NY Slip Op 05786

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.

DEBORAH A. DOWLING

BARRY E. WARHIT

LAURENCE L. LOVE, JJ.

2023-09699

2024-05606

(Index No. 500168/21)

[*1]McDonald Alston, respondent,

v

New York City Transit Authority, appellant, et al., defendants.

Anna J. Ervolina (Theresa A. Frame and Armienti, DeBellis & Rhoden, LLP, New York, NY [Vanessa M. Corchia and Christopher M. Grimaldi], of counsel), for appellant.

Subin Associates LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul Seidenstock], of counsel), for respondent.

DECISION & ORDER

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated September 8, 2023, and (2) an order of the same court dated June 3, 2024. The order dated September 8, 2023, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendant New York City Transit Authority from offering evidence or testifying at trial. The order dated June 3, 2024, denied the motion of the defendant New York City Transit Authority to modify or vacate the order dated September 8, 2023.

ORDERED that the order dated September 8, 2023, is affirmed insofar as appealed from; and it is further,

ORDERED that the order dated June 3, 2024, is affirmed; and it is further,

ORDERED that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of tripping and falling on a defective sidewalk condition located between premises owned by the defendant New York City Transit Authority (hereinafter NYCTA) and premises owned and operated by the other defendants. In April 2022, an employee of Metropolitan Transportation Authority testified on behalf of NYCTA at a deposition. One day later, the plaintiff made a demand for materials referenced during the deposition. In November 2022, the plaintiff made a second demand for such materials.

Upon a motion by the plaintiff pursuant to CPLR 3126, the Supreme Court issued an order dated February 1, 2023 (hereinafter the conditional order of preclusion), which directed NYCTA to provide the demanded materials by a date certain and further directed that NYCTA would be precluded from offering evidence or testifying at trial if it failed to timely comply with the terms of the conditional order of preclusion. Thereafter, the plaintiff moved, inter alia, pursuant to [*2]CPLR 3126 to preclude NYCTA from offering evidence or testifying at trial. In an order dated September 8, 2023, the court granted that branch of the plaintiff's motion. Thereafter, NYCTA moved to modify or vacate the order dated September 8, 2023. In an order dated June 3, 2024, the court denied NYCTA's motion. NYCTA appeals from the orders dated September 8, 2023, and June 3, 2024.

"A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (Ortiz v 1818 Bath Ave., LLC, 220 AD3d 670, 671 [internal quotation marks omitted]; see Vallejo v Uzzi, 213 AD3d 794, 796; Gutierrez v Good Bar, LLC, 203 AD3d 803, 804). "With this conditioning, the court relieves itself of the unrewarding inquiry into whether a party's resistance was wilful" (Vallejo v Uzzi, 213 AD3d at 796 [internal quotation marks omitted]; see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82). "Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute" (Ortiz v 1818 Bath Ave., LLC, 220 AD3d at 671 [internal quotation marks omitted]; see Martin v Dormitory Auth. of the State of N.Y., 208 AD3d 576, 577). "'To be relieved of the adverse impact of a conditional order, a defaulting plaintiff must demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious action'" (Ortiz v 1818 Bath Ave., LLC, 220 AD3d at 671, quoting Martin v Dormitory Auth. of the State of N.Y., 208 AD3d at 577; see Gibbs v St. Barnabas Hosp., 16 NY3d at 80).

"A court 'has discretion to accept law office failure as a reasonable excuse where the claim is supported by a detailed and credible explanation of the default'" (Saleh v Hudson 418 Riv. Rd., Ltd., 225 AD3d 812, 814, quoting Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 876; see Abraham v Torati, 219 AD3d 1275, 1283). "'However, law office failure should not be excused where a default results not from an isolated, inadvertent mistake, but from repeated neglect, or where allegations of law office failure are vague, conclusory, and unsubstantiated'" (Saleh v Hudson 418 Riv. Rd., Ltd., 225 AD3d at 814, quoting Glukhman v Bay 49th St. Condominium, LLC, 100 AD3d 594, 595; see Noga v Duffy, 230 AD3d 592, 593-594). "'[S]uch defaults should not be routinely excused, and mere neglect is not a reasonable excuse'" (Saleh v Hudson 418 Riv. Rd., Ltd., 225 AD3d at 814, quoting Gellert v Shannon, 215 AD3d 805, 807).

Here, by providing the demanded materials in August 2023, which was 16 months after they were initially requested and 3 months after the date certain set in the conditional order of preclusion, NYCTA failed to comply with the conditional order of preclusion. Further, NYCTA failed to demonstrate a reasonable excuse for its failure to comply with the conditional order of preclusion, and, thus, this Court need not consider whether NYCTA demonstrated the existence of a potentially meritorious defense to the action (see Vallejo v Uzzi, 213 AD3d at 796-797; Martin v Dormitory Auth. of the State of N.Y., 208 AD3d at 578; Deutsche Bank Natl. Trust Co. v Bakarey, 198 AD3d 718, 722).

NYCTA's remaining contentions either need not be reached in light of our determination or are without merit.

DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court