■ HILLEL NAIMAN, Appellant, v FAIR TRADE ACQUISITION CORP. et al., Respondents, et al., Defendant. [59 NYS3d 414]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Kelly, J.), dated March 17, 2016, which denied his motion, in effect, to strike the answer insofar as asserted by the defendants Fair Trade Acquisition Corp., Chaya G. Rosenberg, Harry Rosenberg, and Steven Klaver

based upon their failure to provide certain discovery as directed by a conditional order dated January 4, 2016, and for leave to enter a default judgment against those defendants.

Ordered that the order dated March 17, 2016, is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were to strike the answer insofar as asserted by the defendants Chaya G. Rosenberg and Harry Rosenberg and for leave to enter a default judgment against those defendants, and substituting therefor a provision granting those branches of the motion; as so modified, the order dated March 17, 2016, is affirmed, without costs or disbursements.

The Supreme Court issued an order dated January 4, 2016, which directed that the defendants' answer would be stricken, unless, within 20 days of the date of the order, they provided the plaintiff with copies of certain emails or "adequately attest to their inability to do so." Thereafter, the plaintiff moved for an order striking the answer insofar as asserted by the defendants Fair Trade Acquisition Corp. (hereinafter FTAC), Chaya G. Rosenberg, Harry Rosenberg, and Steven Klaver, and for leave to enter a default judgment against those defendants, based upon their alleged failure to comply with the court's conditional order. The court denied the plaintiff's motion, and the plaintiff appeals.

A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order (see *Gibbs v St. Barnabas Hosp.*, 16 NY3d 74 [2010]; *Hughes v Brooklyn Skating, LLC*, 120 AD3d 758, 758-759 [2014]; *Wei Hong Hu v Sadiqi*, 83 AD3d 820, 821 [2011]). If the party fails to produce the discovery by the specified date, the conditional order becomes absolute (see *Piemonte v JSF Realty, LLC*, 140 AD3d 1145, 1146 [2016]; *Vitolo v Suarez*, 130 AD3d 610, 611 [2015]; *Archer Capital Fund, L.P. v GEL, LLC*, 95 AD3d 800, 801 [2012]; *Keenan v Fiorentino*, 84 AD3d 740 [2011]; *Wei Hong Hu v Sadiqi*, 83 AD3d at 821; *Pugliese v Mondello*, 67 AD3d 880, 881 [2009]). To be relieved of the adverse impact of the conditional order of preclusion, a party is required to demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious defense (see *Archer Capital Fund, L.P. v GEL, LLC*, 95 AD3d at 801; *Wei Hong Hu v Sadiqi*, 83 AD3d at 821).

Here, the Supreme Court properly found that FTAC and Klaver, FTAC's chief executive officer, complied with the court's conditional order dated January 4, 2016, by the submission of Klaver's affidavit, dated January 14, 2016, wherein he attested,

in sum and substance, that he had conducted a diligent search of all his records, and that he was not aware of any emails that had not been previously provided to the plaintiff. However, as the plaintiff correctly contends, Chaya G. Rosenberg and Harry Rosenberg (hereinafter together the Rosenberg defendants) failed to provide the demanded email communications, and also failed to submit affidavits attesting to their inability to do so. Moreover, the Rosenberg defendants failed to demonstrate a reasonable excuse for their failure to comply with the court's conditional order, and the existence of a potentially meritorious defense.

Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were to strike the answer insofar as asserted by the Rosenberg defendants, and for leave to enter a default judgment against those defendants (see *Legarreta v Neal*, 108 AD3d 1067 [2013]; *Pugliese v Mondello*, 67 AD3d at 881). Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.