Goldberg v Breth (2020 NY Slip Op 07870)





Goldberg v Breth


2020 NY Slip Op 07870


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-04570
2019-05130
 (Index No. 24069/12)

[*1]Sheryl A. Goldberg, respondent, 
v
Evan Breth, etc., et al., appellants, et al., defendant.


Kaufman Borgeest & Ryan LLP, Valhalla, NY (David Bloom and Shannon Henderson of counsel), for appellants.
Friedman Sanchez, LLP, Brooklyn, NY (Andrew M. Friedman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the defendants Evan Breth and Progressive Podiatry, PLLC, appeal from (1) an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated February 13, 2019, and (2) an order of the same court dated March 21, 2019. The order dated February 13, 2019, insofar as appealed from, granted that branch of the plaintiff's motion which was, in effect, to vacate a conditional order of dismissal of the same court dated February 22, 2018, and an order of the same court dated April 19, 2018, and restored the action to active status. The order dated March 21, 2019, denied as academic, the plaintiff's separate motion to vacate a judgment of the same court dated April 19, 2018, which upon the order dated February 22, 2018, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the order dated February 13, 2019, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and that branch of the plaintiff's motion which was, in effect, to vacate the conditional order of dismissal dated February 22, 2018, and the order dated April 19, 2018, is denied; and it is further,
ORDERED that the appeal from the order dated March 21, 2019, is dismissed as the defendants Evan Breth and Progressive Podiatry, PLLC, are not aggrieved by that order (see CPLR 5511); and it is further,
ORDERED that one bill of costs is awarded to the defendants Evan Breth and Progressive Podiatry, PLLC.
In December 2012, the plaintiff commenced this action to recover damages for medical malpractice and lack of informed consent. The plaintiff was directed, inter alia, to respond to the defendants' discovery demands in a preliminary conference order dated May 16, 2013, and a compliance conference order dated April 17, 2014. Thereafter, over a period of two years, the defendants reiterated those demands, both by multiple letters and a motion to compel, and the Supreme Court issued several orders directing the plaintiff to comply with outstanding discovery. [*2]After additional motion practice by the defendants, the court issued a conditional order dated February 22, 2018 (hereinafter the conditional order), directing dismissal of the action unless the plaintiff provided the items of discovery specified therein by March 22, 2018. Upon the plaintiff's failure to comply with the conditional order, the defendant New York Methodist Hospital filed and served a notice of judgment dated March 28, 2018, dismissing the complaint. In an order dated April 19, 2018, the court held that the conditional order remained in full force and effect, and if the plaintiff provided outstanding discovery by June 1, 2018, she would have an opportunity to move to vacate the dismissal. A judgment dated April 19, 2018, was entered, upon the conditional order, dismissing the complaint.
Thereafter, the plaintiff moved, inter alia, in effect, to vacate the conditional order and the order dated April 19, 2018. Separately, the plaintiff moved to vacate the judgment. In an order dated February 13, 2019, the Supreme Court granted that branch of the plaintiff's motion which was, in effect, to vacate the conditional order and the order dated April 19, 2018, and restored the action to active status. In an order dated March 21, 2019, the court denied, as academic, the plaintiff's separate motion to vacate the judgment.
Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830; Williams v Davita Healthcare Partners, Inc., 172 AD3d 791, 792; Tanriverdi v United Skates of Am., Inc., 164 AD3d 858, 859). To be relieved of the adverse impact of a conditional order, a defaulting plaintiff must demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious action (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; Williams v Davita Healthcare Partners, Inc., 172 AD3d at 792; Tanriverdi v United Skates of Am., Inc., 164 AD3d at 859; SRN Realty, LLC v Scarano Architect, PLLC, 116 AD3d 693, 694).
Here, the plaintiff did not proffer any excuse for the failure to comply with the conditional order during the relevant time period before it became absolute. Furthermore, the plaintiff's excuse for failing to provide discovery after the deadline imposed in the conditional order, law office failure due to her counsel's heavy schedule, was not reasonable (see Weitzenberg v Nassau County Dept. of Recreation & Parks, 282 AD2d 741, 743; Kyriacopoulos v Mendon Leasing Corp., 216 AD2d 532, 533; First Fed. Sav & Loan Assn. of Rochester v 1220 Richmond Rd. Corp., 123 AD2d 418, 419). Since the plaintiff failed to demonstrate a reasonable excuse, we need not reach the issue of whether she demonstrated the existence of a potentially meritorious action (see Deutsche Bank Natl. Trust Co. v Fishbein, 179 AD3d 768; Stein v Doukas, 157 AD3d 743, 744; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was, in effect, to vacate the conditional order and the order dated April 19, 2018.
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court