Gutierrez v Good Bar, LLC (2022 NY Slip Op 01443)





Gutierrez v Good Bar, LLC


2022 NY Slip Op 01443


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2019-07475
 (Index No. 515600/15)

[*1]Romel Gutierrez, et al., appellants, 
v
Good Bar, LLC, et al., respondents, et al., defendants.


James G. Dibbini & Associates, P.C., Yonkers, NY, for appellants.
Daniel J. Niamehr, New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated April 8, 2019. The order granted the motion of the defendants Good Bar, LLC, and Gina O'Keefe pursuant to CPLR 3126 to preclude the plaintiffs from offering any evidence at trial, and denied the plaintiffs' cross motion to strike those defendants' answer and to preclude those defendants from offering any evidence at trial.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the motion of the defendants Good Bar, LLC, and Gina O'Keefe pursuant to CPLR 3126 to preclude the plaintiffs from offering any evidence at trial, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiffs commenced this action, inter alia, to recover damages for breach of contract and unjust enrichment. In an order dated February 21, 2019, the Supreme Court directed the plaintiffs to respond to certain discovery demands within 15 days or be precluded from offering evidence at trial. The plaintiffs served responses within 15 days, but objected to some of the demands.
The defendants Good Bar, LLC, and Gina O'Keefe (hereinafter together the defendants) then moved pursuant to CPLR 3126 to preclude the plaintiffs from offering evidence at trial, based on the plaintiffs' failure to provide responses to the discovery demands as required by the February 21, 2019 conditional order. The plaintiffs cross-moved to strike the defendants' answer and to preclude the defendants from offering any evidence at trial, based on the defendants' purported failure to appear for depositions. The Supreme Court granted the defendants' motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
The Supreme Court improvidently exercised its discretion in granting the defendants' motion to preclude the plaintiffs from offering evidence at trial. "A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780; see McIntosh v New York City [*2]Partnership Dev. Fund Co., Inc., 165 AD3d 1251, 1252; Hughes v Brooklyn Skating, LLC, 120 AD3d 758, 758-759). "If the party fails to produce the discovery by the specified date, the conditional order becomes absolute" (Naiman v Fair Trade Acquisition Corp., 152 AD3d at 780; see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82-83; McIntosh v New York City Partnership Dev. Fund Co., Inc., 165 AD3d at 1252; Hughes v Brooklyn Skating, LLC, 120 AD3d at 759). "To be relieved of the adverse impact of the conditional order of preclusion, a party is required to demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious [cause of action]" (Naiman v Fair Trade Acquisition Corp., 152 AD3d at 780; see Gibbs v St. Barnabas Hosp., 16 NY3d at 80; McIntosh v New York City Partnership Dev. Fund Co., Inc., 165 AD3d at 1252).
Here, the plaintiffs set forth a reasonable excuse for their failure to respond to certain of the subject discovery demands based on, inter alia, their objections that certain tax returns and tax documents sought were privileged (see Levine v City Med. Assocs., PC, 108 AD3d 746, 747; Latture v Smith, 304 AD2d 534, 536), their objections of lack of materiality (see generally Leibowitz v Babad, 175 AD3d 639; Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283, 1283-1284), and their inability to obtain certain of the sought-after information (see Tanriverdi v United Skates of Am., Inc., 164 AD3d 858, 859-860).
Further, the plaintiffs demonstrated the existence of potentially meritorious causes of action to recover damages for breach of contract (see Menche v CDx Diagnostics, Inc., 199 AD3d 678; Magee-Boyle v Reliastar Life Ins. Co. of New York, 173 AD3d 1157, 1159), and based on an unjust enrichment theory (see Betz v Blatt, 160 AD3d 696, 701; Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1006). Therefore, the Supreme Court improvidently exercised its discretion in granting the defendants' motion pursuant to CPLR 3126 to preclude the plaintiffs from offering evidence at trial (see Liese v Hennessey, 164 AD3d 1318, 1319; Tanriverdi v United Skates of Am., Inc., 164 AD3d at 859-860; see also Latture v Smith, 304 AD2d at 536).
However, the Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion to strike the defendants' answer and to preclude the defendants from offering any evidence at trial. "[T]he drastic remedy of striking a pleading or even precluding evidence . . . should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious" (Palmieri v Piano Exch., Inc., 124 AD3d 611, 612 [citation omitted]; see Sweet Constructors, LLC v Wallkill Med. Dev., LLC, 188 AD3d 1279, 1280). Here, at the time of the plaintiffs' motion, the date set by a prior order for the depositions of the defendants had not yet passed. Further, although the defendants previously adjourned their depositions, "multiple adjournments of a party's deposition are generally not grounds" for striking a pleading (De Leo v State-Whitehall Co., 126 AD3d 750, 752; see JPMorgan Chase Bank, N.A. v New York State Dept. of Motor Vehs., 119 AD3d 903). Under these circumstances, the court providently exercised its discretion in denying the plaintiffs' cross motion (see De Leo v State-Whitehall Co., 126 AD3d at 752; Palmieri v Piano Exch., Inc., 124 AD3d at 612).
DILLON, J.P., BRATHWAITE NELSON, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court