Martin v Dormitory Auth. of the State of N.Y. (2022 NY Slip Op 04907)

Martin v Dormitory Auth. of the State of N.Y.

2022 NY Slip Op 04907

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-08950
 (Index No. 515216/18)

[*1]Frank Martin, respondent-appellant, 
v
Dormitory Authority of the State of New York, et al., appellants-respondents.

Rawle & Henderson, LLP, New York, NY (Richard B. Polner, Justine K. Woods, and Michael H. Zhu of counsel), for appellants-respondents.
The Perecman Firm, PLLC, New York, NY (Peter D. Rigelhaupt of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 4, 2020. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3126 to preclude the plaintiff from presenting at trial any medical evidence on the issue of damages and to dismiss the complaint only to the extent of precluding the plaintiff from presenting at trial any medical evidence on the issue of damages which had not already been provided to the defendants and otherwise denied the motion. The order, insofar as cross-appealed from, granted the defendants' motion pursuant to CPLR 3126 to preclude the plaintiff from presenting at trial any medical evidence on the issue of damages and to dismiss the complaint to the extent of precluding the plaintiff from presenting at trial any medical evidence on the issue of damages which had not already been provided to the defendants.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, and the defendants' motion pursuant to CPLR 3126 to preclude the plaintiff from presenting at trial any medical evidence on the issue of damages and to dismiss the complaint is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On February 16, 2018, the plaintiff allegedly was injured when he fell on an exterior staircase while performing work on a construction project on premises owned by the defendant Dormitory Authority of the State of New York. The plaintiff was working for a subcontractor which had been retained by the project's construction manager, the defendant C & L Contracting Corp. In July 2018, the plaintiff commenced this action to recover damages for personal injuries. From January 2019 through June 2019, the defendants served several supplemental demands for authorizations for, among others, various doctors who had examined the plaintiff. In an order dated January 22, 2020 (hereinafter the conditional order), the Supreme Court directed that the plaintiff [*2]would be "precluded from offering any medical evidence on damages at the time of trial" unless by February 14, 2020, he provided, inter alia, the authorizations requested in the supplemental demands. In March 2020, the defendants moved pursuant to CPLR 3126 to preclude the plaintiff from presenting at trial any medical evidence on the issue of damages as a result of the plaintiff's failure to comply with the conditional order and to dismiss the complaint. In an order dated November 4, 2020, the court, inter alia, granted the defendants' motion to the extent of precluding the plaintiff from presenting at trial any medical evidence on the issue of damages which had not already been provided to the defendants and otherwise denied the motion. The defendants appeal and the plaintiff cross-appeals.
"'A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order'" (Gutierrez v Good Bar, LLC, 203 AD3d 803, 804, quoting Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780). "'With this conditioning, the court relieves itself of the unrewarding inquiry into whether a party's resistance was wilful'" (Matter of Metro-North Train Acc. of Feb. 3, 2015, 178 AD3d 929, 931, quoting Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82 [internal quotation marks omitted]). "Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute" (Goldberg v Breth, 189 AD3d 1368, 1370; see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830). "To be relieved of the adverse impact of a conditional order, a defaulting plaintiff must demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious action" (Goldberg v Breth, 189 AD3d at 1370; see Gibbs v St. Barnabas Hosp., 16 NY3d at 80).
Here, the plaintiff failed to comply with the conditional order by providing authorizations for the individuals and entities listed in the defendants' supplemental demands for authorizations. The plaintiff's contention that he complied with the conditional order by providing authorizations for facilities where the individuals listed in the supplemental demands for authorizations worked is improperly raised for the first time on appeal, and does not involve a pure question of law that appears on the face of the record and could not have been avoided if brought to the Supreme Court's attention (see Bank of Am., N.A. v Montagnese, 198 AD3d 850, 852).
Consequently, the conditional order became absolute on February 14, 2020, and to be relieved from the adverse impact of the conditional order, the plaintiff was required to demonstrate a reasonable excuse for failing to comply with the conditional order and a potentially meritorious cause of action (see Drummond v Winiarsky, 169 AD3d 1005). The plaintiff failed to proffer a reasonable excuse for failing to comply with the conditional order, and thus, we need not reach the issue of whether he demonstrated the existence of a potentially meritorious cause of action (see Lieberman v Green, 190 AD3d 713, 714-715; Goldberg v Breth, 189 AD3d at 1370). Since the plaintiff failed to make the requisite showing to be relieved from the adverse impact of the conditional order, the Supreme Court should not have imposed a limitation on the directive in the conditional order precluding the plaintiff from presenting at trial any medical evidence on the issue of damages (see Papadopoulos v Metropolitan Transp. Auth., 192 AD3d 430; Drummond v Winiarsky, 169 AD3d 1005).
Furthermore, inasmuch as the plaintiff should have been precluded from presenting at trial any medical evidence on the issue of damages pursuant to the conditional order, the plaintiff could not make out a prima facie case on damages, and thus, dismissal of the complaint was warranted (see Drummond v Winiarsky, 169 AD3d at 1005-1006; McIntosh v New York City Partnership Dev. Fund Co., Inc., 165 AD3d 1251, 1253; Keenan v Fiorentino, 84 AD3d 740, 740-741).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3126 to preclude the plaintiff from presenting at trial any medical evidence on the issue of damages and to dismiss the complaint.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court