Vallejo v Uzzi (2023 NY Slip Op 00688)

Vallejo v Uzzi

2023 NY Slip Op 00688

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-01098
 (Index No. 60400/17)

[*1]Xavier Vallejo, appellant,
v
Ralph Uzzi, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Acocella Law Group, P.C., Purchase, NY (Sheila A. Murphy of counsel), for respondents Ralph Uzzi and City of Mount Vernon.
Morris, Duffy, Alonso, Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent Mario Vallejo.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated January 15, 2020. The judgment, upon an order of the same court dated July 6, 2018, granting those branches of the motions of the defendants Ralph Uzzi and City of Mount Vernon and the defendant Mario Vallejo which were pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them, and upon an order of the same court dated October 26, 2018, denying the plaintiff's motion, among other things, for leave to reargue his opposition to those branches of the motions of the defendants Ralph Uzzi and City of Mount Vernon and the defendant Mario Vallejo which were pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
On June 24, 2016, the plaintiff allegedly was injured when the vehicle in which he was a passenger was struck by a vehicle owned by the defendant City of Mount Vernon and operated by the defendant Ralph Uzzi. In July 2017, the plaintiff commenced this action to recover damages for personal injuries against the City, Uzzi, and the defendant Mario Vallejo (hereinafter Mario), the driver of the vehicle in which the plaintiff was a passenger. The City and Uzzi moved, inter alia, pursuant to CPLR 3126 to strike the complaint insofar as asserted against them based upon the plaintiff's failure to comply with discovery demands. Mario separately moved, among other things, pursuant to CPLR 3126 to strike the complaint insofar as asserted against him on the same ground. In an order dated June 13, 2018 (hereinafter the conditional order), the Supreme Court conditionally granted those branches of the defendants' motions unless the plaintiff provided the defendants with "all proper medical and hospital HIPPA-compliant authorizations, employment authorizations unrestricted to date, original, proper and duly executed powers of attorney and an accurate list of the names and addresses of plaintiff's medical providers" by June 20, 2018.
On June 26, 2018, the City and Uzzi submitted an affirmation of noncompliance asserting that the plaintiff failed to comply with the conditional order. In an order dated July 6, 2018, the Supreme Court granted those branches of the defendants' motions which were pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them. Thereafter, the plaintiff moved, among other things, for leave to reargue his opposition to those branches of the defendants' motions which were pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them. In an order dated October 26, 2018, the court, inter alia, denied that branch of the plaintiff's motion. The plaintiff filed a notice of appeal from that order, but failed to timely perfect that appeal, which was deemed dismissed (see 22 NYCRR 1250.10[a]). On January 15, 2020, the Supreme Court issued a judgment dismissing the complaint. The plaintiff appeals from the judgment.
Contrary to Mario's contention, the dismissal of the prior appeal from the order dated October 26, 2018, denying the plaintiff's motion, inter alia, for leave to reargue, does not preclude our review of the judgment, as no appeal lies from an order denying reargument (see Citibank, N.A. v Kerszko, 203 AD3d 42, 55-56; cf. Bray v Cox, 38 NY2d 350). To the extent the plaintiff purportedly moved to vacate the order dated July 6, 2018, that branch of the motion was, in actuality, for leave to reargue the plaintiff's opposition to those branches of the defendants' motions which were pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them (see Citibank, N.A. v Kerszko, 203 AD3d at 55-56).
"'A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order'" (Gutierrez v Good Bar, LLC, 203 AD3d 803, 804, quoting Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780). "'With this conditioning, the court relieves itself of the unrewarding inquiry into whether a party's resistance was wilful'" (Matter of Metro-North Train Acc. of Feb. 3, 2015, 178 AD3d 929, 931, quoting Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82 [internal quotation marks omitted]). "'Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute'" (Martin v Dormitory Auth. of the State of N.Y., 208 AD3d 576, 577, quoting Goldberg v Breth, 189 AD3d 1368, 1370; see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830). "To be relieved of the adverse impact of a conditional order, a defaulting plaintiff must demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious action" (Martin v Dormitory Auth. of the State of N.Y., 208 AD3d at 577 [internal quotation marks omitted]; see Gibbs v St. Barnabas Hosp., 16 NY3d at 80).
Here, the plaintiff failed to comply with the conditional order by providing the required authorizations by June 20, 2018. Further, the plaintiff failed to demonstrate a reasonable excuse for his failure to comply with the conditional order, and, thus, this Court need not consider whether the plaintiff has a potentially meritorious cause of action (see Martin v Dormitory Auth. of the State of N.Y., 208 AD3d at 578; Deutsche Bank Natl. Trust Co. v Bakarey, 198 AD3d 718, 722).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly dismissed the complaint.
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.

2020-01098 DECISION & ORDER ON MOTION
Xavier Vallejo, appellant,
v Ralph Uzzi, et al., respondents.
(Index No. 60400/17)

Appeal from a judgment of the Supreme Court, Westchester County, dated January [*2]14, 2020. Motion by the respondent Mario Vallejo to dismiss the appeal on the ground that the dismissal of a prior appeal for failure to timely perfect precludes consideration of issues raised on this appeal pursuant to Bray v Cox (38 NY2d 350). By decision and order on motion of this Court dated August 19, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is denied.
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court