Rangel v Target Corp. (2023 NY Slip Op 02339)

Rangel v Target Corp.

2023 NY Slip Op 02339

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-01844
2021-06104
 (Index No. 702300/19)

[*1]Fanny Rangel, appellant,
v
Target Corporation, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Simmons Jannace DeLuca, Hauppauge, NY (Allison C. Leibowitz and Daniel P. Borbet of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Donna M. Golia, J.), entered February 4, 2021, and (2) an order of the same court entered August 9, 2021. The order entered February 4, 2021, granted the defendant's motion pursuant to CPLR 3126 to dismiss the complaint. The order entered August 9, 2021, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to reargue her opposition to the defendant's motion pursuant to CPLR 3126 to dismiss the complaint.
ORDERED that the appeal from the order entered August 9, 2021, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered February 4, 2021, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In February 2019, the plaintiff commenced this action to recover damages for personal injuries. After a preliminary conference in May 2019, the Supreme Court issued a preliminary conference order directing the plaintiff to provide responses to the defendant's initial discovery demands by May 28, 2019. On May 17, 2019, the defendant received the plaintiff's verified bill of particulars and response to the demands.
On July 29, 2019, the defendant filed its first motion pursuant to CPLR 3126 to dismiss the complaint and/or compel the plaintiff to provide responses to the defendant's discovery demands. The defendant claimed that the bill of particulars was incomplete and that the plaintiff failed to completely respond to the discovery demands. On August 21, 2019, the plaintiff served a supplemental verified bill of particulars stating, inter alia, that the plaintiff had been confined to her bed and home for two weeks after the date of the accident. The Supreme Court issued an order dated September 19, 2019 (hereinafter the September 2019 order), noting that the defendant had withdrawn its motion, and directing the plaintiff to provide certain written discovery, including a supplemental bill of particulars that specified the location of the accident and the dates of the plaintiff's [*2]confinement to her bed or home.
After the plaintiff failed to comply, the Supreme Court held a compliance conference on November 12, 2019, and directed that the outstanding discovery specified in the September 2019 order be provided within 30 days.
On January 14, 2020, the defendant filed a second motion, inter alia, pursuant to CPLR 3126 to dismiss the complaint. On January 16, 2020, the plaintiff served a response to the September 2019 order, providing, inter alia, certain medical authorizations. On February 12, 2020, the plaintiff provided a second supplemental verified bill of particulars, which failed to identify the specific location in the defendant's store where the accident occurred. The second supplemental bill of particulars also failed to provide the specific dates of the plaintiff's confinement to her bed and home.
In an order entered May 8, 2020 (hereinafter the conditional order), the Supreme Court granted the defendant's motion "to the extent that [the plaintiff] shall be precluded at trial unless she complies with [the September 2019 order] and Compliance Conference Order dated November 12, 2019, within 60 days of service of Notice of Entry of this Order." The conditional order was served with notice of entry on May 8, 2020, and the plaintiff failed to provide any of the discovery within the following 60 days.
On October 6, 2020, the plaintiff provided certain updated medical authorizations and another supplemental verified bill of particulars, which included the same information as that included in the first supplemental bill of particulars.
On November 16, 2020, the defendant filed a third motion pursuant to CPLR 3126 to dismiss the complaint, arguing that the plaintiff had not provided the outstanding discovery in compliance with the conditional order. In an order entered February 4, 2021 (hereinafter the February 2021 order), the Supreme Court granted the defendant's motion. Subsequently, the plaintiff moved, inter alia, for leave to reargue her opposition to the defendant's third motion to dismiss. In an order entered August 9, 2021, the court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals from the February 2021 order and the order entered August 9, 2021.
The appeal from the order entered August 9, 2021, must be dismissed because no appeal lies from an order denying reargument (see Castillo v Charles, 210 AD3d 625, 626).
A conditional order of preclusion "requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780; see Martin v Dormitory Auth. of the State of N.Y., 208 AD3d 576, 577). If a party "fails to produce the discovery by the specified date, the conditional order becomes absolute" (Naiman v Fair Trade Acquisition Corp., 152 AD3d at 780). To be relieved of the adverse impact of a conditional order of preclusion once it becomes absolute, a plaintiff must "demonstrate a reasonable excuse for failing to comply with the conditional order and a potentially meritorious cause of action" (Martin v Dormitory Auth. of the State of N.Y., 208 AD3d at 578).
Here, the plaintiff failed to comply with the conditional order within 60 days. Although the plaintiff did provide further discovery in October 2020, she did not provide all the requested discovery by the time the defendant moved to dismiss the complaint for the third time. The plaintiff's contention that she substantially complied with the Supreme Court's discovery orders was improperly raised for the first time on her motion for leave to reargue (see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d 772, 773; V. Veeraswamy Realty v Yenom Corp., 71 AD3d 874).
Thus, the conditional order became absolute, and to be relieved from the adverse impact of the conditional order, the plaintiff was required to demonstrate a reasonable excuse for failing to comply with the conditional order and a potentially meritorious cause of action (see Martin [*3]v Dormitory Auth. of the State of N.Y., 208 AD3d at 577-578). The plaintiff failed to demonstrate a reasonable excuse for her failure to comply because her arguments that she had a reasonable excuse were improperly raised for the first time on her motion for leave to reargue (see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d at 773). Consequently, we need not reach the issue of whether the plaintiff demonstrated the existence of a potentially meritorious cause of action (see Goldberg v Breth, 189 AD3d 1368, 1370).
Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint pursuant to CPLR 3126 (see McIntosh v New York City Partnership Dev. Fund Co., Inc., 165 AD3d 1251, 1253).
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court