Kwiatkowski v My Jamie Joseph Only, Inc. (2023 NY Slip Op 02304)

Kwiatkowski v My Jamie Joseph Only, Inc.

2023 NY Slip Op 02304

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-10592
 (Index No. 603922/16)

[*1]Igor Kwiatkowski, et al., respondents,
v
My Jamie Joseph Only, Inc., et al., appellants.

Edward J. Troy, Greenlawn, NY, for appellants.
Virginia & Ambinder, LLP, New York, NY (Jack L. Newhouse and Michele A. Moreno of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for breach of contract and to recover unpaid overtime compensation, the defendants appeal from a judgment of the Supreme Court, Nassau County (Denise L. Sher, J.), entered July 23, 2019. The judgment, after a jury trial, is in favor of the plaintiff Igor Kwiatkowski and against the defendants My Jamie Joseph Only, Inc., and Joseph Horodecki in the principal sum of $220,000, is in favor of the plaintiff Igor Kwiatkowski and against the defendant My Jamie Joseph Only, Inc., in the principal sum of $76,000, and is in favor the plaintiff Felix Asencio and against the defendants My Jamie Joseph Only, Inc., and Joseph Horodecki in the principal sum of $240,000.
ORDERED that the judgment is affirmed, with costs.
The plaintiffs, Igor Kwiatkowski and Felix Asencio, commenced this action, inter alia, to recover damages for breach of contract and to recover unpaid overtime compensation against the defendants, My Jamie Joseph Only, Inc., and Joseph Horodecki. In an order, the Supreme Court directed the defendants to comply with the plaintiffs' discovery demands within a certain period of time, or be precluded from offering evidence to oppose the plaintiffs' claims and from offering evidence in support of their affirmative defenses (hereinafter the conditional order). When the defendants failed to comply with the conditional order, the plaintiffs moved to strike the defendants' answer. The Supreme Court denied the plaintiffs' motion to strike the defendants' answer; however, it held that, for failing to comply with the conditional order, the defendants were precluded from offering evidence at trial to oppose the plaintiffs' claims and to support their affirmative defenses.
After a jury trial, at which the defendants were precluded from presenting a case, a judgment was issued in favor of Kwiatkowski and against My Jamie Joseph Only, Inc., and Horodecki in the principal sum of $220,000, in favor of Kwiatkowski and against My Jamie Joseph Only, Inc., in the principal sum of $76,000, and in favor Asencio and against My Jamie Joseph Only, Inc., and Horodecki in the principal sum of $240,000. The defendants appeal.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been [*2]disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019, quoting CPLR 3126). The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court (see Smookler v Dicerbo, 166 AD3d 838, 839). "'A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order'" (Gutierrez v Good Bar, LLC, 203 AD3d 803, 804, quoting Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780). "Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute" (Goldberg v Breth, 189 AD3d 1368, 1370; see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830). To be relieved of the adverse impact of a conditional order, a defaulting defendant must demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious defense (see Spetner v Dan, 205 AD3d 753, 754; Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d 769, 771).
The defendants failed to demonstrate that the Supreme Court improvidently exercised its discretion in issuing the conditional order and then prohibiting the defendants from offering evidence at trial upon their failure to comply with the order. The willful and contumacious character of the defendants' conduct can be inferred from their repeated failure to comply with court-ordered discovery, for which they did not offer adequate explanation (see Von Maack v Wychoff Hgts. Med. Ctr., 195 AD3d at 771). Moreover, the conditional order became absolute when the defendants failed to comply with its terms, and the defendants failed to demonstrate a reasonable excuse for their failure to comply with the order and a potential meritorious defense (see Archer Capital Fund, L.P. v GEL, LLC, 95 AD3d 800).
The Supreme Court providently exercised its discretion in denying the defendants' motion for a mistrial based on the plaintiffs' counsel's fleeting reference to the "preclusion order," as the defendants failed to establish that the isolated reference diverted the jurors' attention from the issues to be determined or otherwise deprived the defendants of a fair trial (see Vingo v Rosner, 29 AD3d 896, 897; Lidge v Niagara Falls Mem. Med. Ctr., 17 AD3d 1033, 1036).
The Supreme Court did not err in admitting into evidence a certain calendar, since the calendar was admissible as a past recollection recorded (see generally People v Taylor, 80 NY2d 1).
Accordingly, we affirm the judgment.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court