Mention v Archbishop Stepinac High Sch. (2024 NY Slip Op 00416)

Mention v Archbishop Stepinac High Sch.

2024 NY Slip Op 00416

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2021-06214
 (Index No. 61053/19)

[*1]Jalen Mention, appellant, 
v
Archbishop Stepinac High School, et al., respondents.

Law Offices of Richard St. Paul, Esq., PLLC, White Plains, NY, for appellant.
Leahey & Johnson, P.C., New York, NY (Peter James Johnson, Jr., and Joanne Filiberti of counsel), for respondent Archbishop Stepinac High School.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Jonathan R. Harwood of counsel), for respondent Sheddrick Wilson.

DECISION & ORDER
In an action, inter alia, to recover damages for intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated July 20, 2021. The order, upon a prior order of the same court dated May 12, 2021, granting those branches of the defendants' separate motions which were pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them to the extent of directing the plaintiff to provide certain authorizations by May 28, 2021, and upon an affirmation of noncompliance dated June 2, 2021, and the plaintiff's response thereto, directed dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated July 20, 2021, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In July 2019, the plaintiff commenced this action against the defendants, Archbishop Stepinac High School (hereinafter the High School) and Sheddrick Wilson, inter alia, to recover damages for intentional infliction of emotional distress. The defendants separately moved, among other things, pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them based upon the plaintiff's failure to comply with discovery demands. In an order dated May 12, 2021, the Supreme Court granted the defendants' motions to the extent of directing the plaintiff to provide certain authorizations by May 28, 2021, and if the plaintiff failed to comply, further directing the defendants to file an affirmation of noncompliance and a proposed order of dismissal (hereinafter the conditional order).
On June 2, 2021, the High School filed an affirmation of noncompliance asserting that the plaintiff failed to comply with the conditional order, and the plaintiff filed a response thereto. In an order dated July 20, 2021, the Supreme Court directed dismissal of the complaint. The plaintiff [*2]appeals.
"A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780; see Rangel v Target Corp., 216 AD3d 683, 685). "Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute" (Goldberg v Breth, 189 AD3d 1368, 1370; see Rangel v Target Corp., 216 AD3d at 685). "To be relieved [from] the adverse impact of a conditional order, a defaulting plaintiff must demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious action" (Martin v Dormitory Auth. of the State of N.Y., 208 AD3d 576, 577 [internal quotation marks omitted]; see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; Vallajo v Uzzi, 213 AD3d 794, 796).
Here, the plaintiff failed to comply with the conditional order by providing the required authorizations by May 28, 2021. Further, the plaintiff failed to demonstrate a reasonable excuse for his failure to comply with the conditional order (see Vallajo v Uzzi, 213 AD3d at 796; Cobo v Pennwalt Corp. Stokes Div., 185 AD3d 650, 653), and he made no effort to demonstrate a potentially meritorious cause of action.
Accordingly, the Supreme Court properly directed dismissal of the complaint pursuant to CPLR 3126.
CONNOLLY, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court