Patsiouras v Koklanos (2024 NY Slip Op 06053)

Patsiouras v Koklanos

2024 NY Slip Op 06053

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-09146
 (Index No. 715044/18)

[*1]Elena Patsiouras, respondent,
v
Nick Koklanos, etc., et al., appellants.

The Mermigis Law Group, P.C., Syosset, NY (James G. Mermigis of counsel), for appellants.
The Rose Law Group, PLLC, Astoria, NY (Jesse C. Rose of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered October 20, 2020. The order, upon a prior order of the same court entered January 9, 2020, granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 for discovery sanctions to the extent of directing the defendants to comply with certain discovery demands by a certain date or else the answer would be stricken, and upon an affirmation of noncompliance dated February 5, 2020, and the defendants' response thereto, struck the defendants' amended answer, affirmative defenses, and counterclaims.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order entered October 20, 2020, is affirmed, with costs.
In an order entered January 9, 2020, the Supreme Court granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 for discovery sanctions to the extent of directing the defendants to comply with certain discovery demands within 20 days of service of the order with notice of entry, and if the defendants failed to comply, then their answer would be stricken (hereinafter the conditional order). On January 10, 2020, the plaintiff served the conditional order with notice of entry on the defendants. After the deadline to respond to the discovery demands had expired, the plaintiff filed an affirmation asserting that the defendants failed to comply with the conditional order, and the defendants filed a response thereto. In an order entered October 20, 2020, the court struck the defendants' amended answer, affirmative defenses, and counterclaims. The defendants appeal. We affirm.
CPLR 3126 empowers a court to craft a conditional order which imposes discovery sanctions, including the striking of a pleading, "unless within a specified time the resisting party submits to the disclosure" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 79 [internal quotation marks omitted]; see CPLR 3126[3]). "'Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute'" (Mention v Archbishop Stepinac High Sch., 223 AD3d 893, 894, quoting Goldberg v Breth, 189 AD3d 1368, [*2]1370). "[T]he burden of establishing noncompliance rests with the party seeking preclusion" (Cannon v 111 Fulton St. Condominium, Inc., 162 AD3d 838, 840). "To be relieved [from] the adverse impact of a conditional order, a defaulting plaintiff must demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious action" (Martin v Dormitory Auth. of the State of N.Y., 208 AD3d 576, 577 [internal quotation marks omitted]; see Gibbs v St. Barnabas Hosp., 16 NY3d at 80; Goldberg v Breth, 189 AD3d at 1370).
Here, the plaintiff established that the defendants failed to comply with the conditional order by responding to the discovery demands within 20 days of service of the conditional order with notice of entry. In response, the defendants failed to demonstrate a reasonable excuse for their failure to comply with the conditional order (see Mention v Archbishop Stepinac High Sch., 223 AD3d at 895; Vallejo v Uzzi, 213 AD3d 794, 797). Accordingly, the Supreme Court properly struck the defendants' amended answer, affirmative defenses, and counterclaims.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court