Gilmore-Thompson v Briarwood MP, LLC (2025 NY Slip Op 02192)

Gilmore-Thompson v Briarwood MP, LLC

2025 NY Slip Op 02192

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-06425
2023-08981
 (Index No. 718555/20)

[*1]Simone Gilmore-Thompson, appellant,
v
Briarwood MP, LLC, et al., respondents, et al., defendant.

Silberstein, Awad & Miklos, P.C., Garden City, NY (Joseph Miklos of counsel), for appellant.
Frank A. Polacco & Associates, PLLC, Garden City, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered April 14, 2023, and (2) an order of the same court entered July 12, 2023. The order entered April 14, 2023, granted the motion of the defendants Briarwood MP, LLC, and Pav-Lak Contracting, Inc., pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them. The order entered July 12, 2023, insofar as appealed from, upon reargument, adhered to the original determination in the order entered April 14, 2023, granting those defendants' motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them.
ORDERED that the appeal from the order entered April 14, 2023, is dismissed, as that order was superseded by the order entered July 12, 2023, made upon reargument; and it is further,
ORDERED that the order entered July 12, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants Briarwood MP, LLC, and Pav-Lak Contracting, Inc.
The plaintiff commenced this personal injury action in October 2020. In November 2020, the defendants Briarwood MP, LLC, and Pav-Lak Contracting, Inc. (hereinafter together the defendants), served, inter alia, certain discovery demands, including a demand for a bill of particulars, on the plaintiff (hereinafter the November 2020 demands). In April 2022, the defendants moved, among other things, pursuant to CPLR 3042(c) and 3126 to preclude the plaintiff from offering any evidence in support of allegations for which particulars had been demanded but not furnished or to compel the plaintiff to respond to the November 2020 demands. By order entered July 28, 2022 (hereinafter the conditional order), the Supreme Court granted the motion to the extent of determining that the plaintiff "shall be precluded from offering evidence at the time of trial, without further order of this [c]ourt, in the event that [the] plaintiff fails to provide a response to all [*2]outstanding discovery outlined in the [defendants'] papers within ninety (90) days after service of this [o]rder."
In February 2023, the defendants moved pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them, and they submitted, inter alia, a letter in which they acknowledged receipt of the plaintiff's bill of particulars and responses to the November 2020 demands but outlined certain deficiencies in the bill of particulars and the plaintiff's responses to the November 2020 demands. The plaintiff opposed the motion, contending, among other things, that she had timely served her bill of particulars and responses to the November 2020 demands. In an order entered April 14, 2023, the Supreme Court granted the defendants' motion.
Thereafter, the plaintiff moved for leave to reargue her opposition to the defendants' motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them. In an order entered July 12, 2023, the Supreme Court granted the plaintiff leave to reargue but, upon reargument, adhered to the original determination granting the defendants' motion. The plaintiff appeals.
"A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (Gutierrez v Good Bar, LLC, 203 AD3d 803, 804 [internal quotation marks omitted]; see Vallejo v Uzzi, 213 AD3d 794, 796). "'With this conditioning, the court relieves itself of the unrewarding inquiry into whether a party's resistance was wilful'" (Matter of Metro-North Train Acc. of Feb. 3, 2015, 178 AD3d 929, 931 [internal quotation marks omitted], quoting Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82). "'Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute'" (Martin v Dormitory Auth. of the State of N.Y., 208 AD3d 576, 577, quoting Goldberg v Breth, 189 AD3d 1368, 1370; see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830). "To be relieved of the adverse impact of a conditional order of preclusion once it becomes absolute, a plaintiff must demonstrate a reasonable excuse for failing to comply with the conditional order and a potentially meritorious cause of action" (Rangel v Target Corp., 216 AD3d 683, 685 [internal quotation marks omitted]; see Martin v Dormitory Auth. of the State of N.Y., 208 AD3d at 577).
Contrary to the plaintiff's contentions, she failed to comply with the conditional order (see Rangel v Target Corp., 216 AD3d at 685; Felice v Metropolitan Diagnostic Imaging Group, LLC, 170 AD3d 960, 963), as the plaintiff's bill of particulars and responses to the November 2020 demands did not provide a response to all of the outstanding discovery outlined in the November 2020 demands. Further, the plaintiff failed to demonstrate a reasonable excuse for her failure to comply with the conditional order, and, thus, this Court need not consider whether the plaintiff has a potentially meritorious cause of action (see Vallejo v Uzzi, 213 AD3d at 796-797).
The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court, upon reargument, properly adhered to its prior determination granting the defendants' motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them.
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court