American Tr. Ins. Co. v Barakat PT PC (2026 NY Slip Op 01751)

American Tr. Ins. Co. v Barakat PT PC

2026 NY Slip Op 01751

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-13392
 (Index No. 521651/22)

[*1]American Transit Insurance Company, respondent,
vBarakat PT PC, appellant.

Roman Kravchenko, Melville, NY (Jason Tenenbaum of counsel), for appellant.
Short & Billy, P.C., New York, NY (Christopher E. O'Donnell and Seok Ho [Richard] Kang of counsel), for respondent.

DECISION & ORDER
In an action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated November 6, 2024. The order granted the plaintiff's motion for leave to renew and reargue its opposition to that branch of the defendant's prior motion which was pursuant to CPLR 3126(3) to strike the complaint, which had been granted in an order of the same court (Leon Ruchelsman, J.) dated August 9, 2023, and, upon renewal and reargument, vacated the order dated August 9, 2023, and thereupon, denied that branch of the defendant's prior motion.
ORDERED that the order dated November 6, 2024, is reversed, on the law, with costs, the plaintiff's motion for leave to renew and reargue its opposition to that branch of the defendant's prior motion which was pursuant to CPLR 3126(3) to strike the complaint is denied, and the order dated August 9, 2023, is reinstated.
The plaintiff commenced this action pursuant to Insurance Law § 5106(c) for a de novo determination of the defendant's claims for no-fault insurance benefits. In an order dated April 21, 2023 (hereinafter the April 2023 order), the Supreme Court directed the plaintiff to provide certain discovery documents within 30 days of the filing of the April 2023 order on the New York State Courts Electronic Filing System and stated that failure to comply with the April 2023 order will result in the plaintiff being sanctioned pursuant to CPLR 3126. The defendant moved, inter alia, pursuant to CPLR 3126(3) to strike the complaint for failure to comply with the April 2023 order. The plaintiff opposed the motion. In an order dated August 9, 2023 (hereinafter the August 2023 order), the court granted that branch of the defendant's motion. Thereafter, the plaintiff moved for leave to renew and reargue its opposition to that branch of the defendant's prior motion which was pursuant to CPLR 3126(3) to strike the complaint and, upon renewal and reargument, to vacate the August 2023 order and to deny that branch of the defendant's prior motion. The defendant opposed motion. In an order dated November 6, 2024, the court granted the plaintiff's motion. The defendant appeals.
"A motion for reargument is addressed to the sound discretion of the court which determined the original motion, and leave to reargue may be granted upon a showing that the court overlooked or misapprehended the facts or the law, or otherwise mistakenly arrived at the original decision" (Christopulos v Christopulos, 209 AD3d 968, 969; see US Bank N.A. v Cimino, 212 AD3d 683, 684). "A motion for leave to reargue . . . shall not include any matters of fact not offered on [*2]the prior motion" (Sokolnik v Voronova, 221 AD3d 1036, 1037 [internal quotation marks omitted]; see CPLR 2221[d][2]). "Further, even where a motion for reargument is technically untimely under CPLR 2221(d)(3), a court has discretion to reconsider its prior ruling" (HSBC Bank USA, N.A. v Halls, 98 AD3d 718, 720-721; see Kugel v Reynolds, 228 AD3d 743, 746-747).
The Supreme Court should have denied that branch of the plaintiff's motion which was for leave to reargue its opposition to that branch of the defendant's prior motion which was pursuant to CPLR 3126(3) to strike the complaint, "as there is no indication that the court misapprehended the facts or law, or mistakenly arrived at its earlier decision" (Matter of Butler v City of Rye Planning Commn., 114 AD3d 937, 938; see CPLR 2221[d][2]). The plaintiff's contention that the court overlooked the fact that the defendant was required to serve the plaintiff with a copy of the April 2023 order with notice of entry to enforce the April 2023 order against the plaintiff was improperly raised for the first time on reargument (see Matter of Government Empls. Ins. Co. v Bermeo, 230 AD3d 1141, 1143; Rangel v Target Corp., 216 AD3d 683, 685).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). Here, the plaintiff did not offer a reasonable justification for failing to submit the purported new facts in opposition to the defendant's prior motion (see id.; Robert v Azoulay Realty Corp., 209 AD3d 781, 786; Incorporated Vil. of Cove Neck v Petrara, 47 AD3d 885, 887).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the plaintiff's motion for leave to renew and reargue its opposition to that branch of the defendant's prior motion which was pursuant to CPLR 3126(3) to strike the complaint.
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court